**FILED - LN**
October 13, 2011 11:08 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY：＿＿＿＿ SCANNED BY：＿＿ 10/13/11

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

Gregory A. Pratt
426 N. Grace Street
Lansing, MI 48917

        1:11-cv-1093
        Paul L. Maloney, Chief Judge
        United States District Court

        Plaintiff,

        v.

35th Judicial Circuit Court
of Shiawassee County
208 North Shiawassee Street
Corunna, MI 48817

Michigan Judicial Tenure
Commission
3034 West Grand Blvd.
Suite 8-450
Detroit, MI 48202

State Court Administrative
Office
925 W. Ottawa Street
Lansing, MI 48913

        Defendants

## COMPLAINT

The plaintiff, Gregory A. Pratt, appearing pro se, and for a complaint against the defendants above named, on the basis of not allowing equal access to justice.

## JURISDICTION

1. This Court has subject matter jurisdiction over the 1st Amendment

2. This Court has subject matter jurisdiction over the 5th Amendment

3. This Court has subject matter jurisdiction over the 14th Amendment

4. This Court has subject matter jurisdiction over the Americans with Disability Act Title II

## GENERAL ALLEGATIONS

5. The plaintiff, Gregory A. Pratt is a citizen of the State of Michigan, United States of America.

6. Defendants, 35th Judicial Circuit Court of Shiawassee County, Michigan Judicial Tenure Commission and State Court Administration Office, have not been willing to make accommodations for the plaintiff, Gregory A. Pratt's learning disability.

7. Plaintiff is an individual with learning disability that causes a need for a reader/writer and the necessity to ask questions about the information in order to better understand because of the Plaintiffs comprehensive skills due to the disability. The plaintiff, Gregory A. Pratt would like to use the services that Defendants provide to the general public because they are all public entities.

8. The Defendant, 35th Judicial Circuit Court of Shiawassee County was not willing to make accommodations and make modifications to their policies. Mr. Arnold D. Dunchock was asked by the Defendant to do a pro bono case to represent the Plaintiff in a divorce/custody case. During the case the attorney, Mr. Arnold D. Dunchock was suspended from practicing law due to a previous case. When the plaintiff asked the defendant for another attorney appointed and/or ask to do a pro bono the Defendant denied the request. The plaintiff then requested a Guardian at Light for his son and the Defendant denied the request as well.

9. The plaintiff explained his disability and due to the dyslexia he was not able to represent himself to the same ability as an average person without a disability in regards to reading, writing, and comprehending the court policies, procedures, and documents that were involved with the plaintiffs divorce/ custody case. With the plaintiffs learning disability hindering him from representing himself to the same ability as an average person and the Defendant denying the requests for an appointed attorney or Guardian at

Light. The plaintiff was concerned about who was looking out for his son's best interest.

10. The First Amendment states:
> *Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.*

By the Defendants denying the requested accommodations from the Plaintiff, the Plaintiff did not have the right to the freedom of speech or the proper way to make a grievance to the Government. Thus making the plaintiff's voice and grievance unheard.

11. From the date the Plaintiff had received his summons for his divorce/custody case, the Defendant, 35th Judicial Circuit Court of Shiawassee County would not make reasonable accommodation or modifications to their policies to help the Plaintiff be an active member in his divorce/custody case. After making several complaints to the Defendant, State Court Administrative Office about the Defendant, 35th Judicial Circuit Court of Shiawassee County for not following the State's Model Policy on Requests for Accommodations by a Person With Disabilities, a reader/writer was granted.

12. On Oct. 28, 2010 ADA Coordinator Janice Foltz had the Plaintiff sign an Acknowledgement of Reader/Writer Services Form, which states that the Plaintiff could not ask the reader/writer questions about the form. Yet in the "Handbook for Michigan Courts on Accessibility and Accommodations for Individuals with Disabilities" it states this about cognitive disabilities:
> *When necessary, repeat information using different wording or a different communication approach. Allow time for the information to be fully understood.*
>
> *Break complicated information or instructions down into shorter, distinct parts and avoid complex terms.*

Prior to this section the Handbook states the following in regards to Cognitive Disabilities:
> *Many legal or courtroom-related terms and concepts are complex and may be difficult to understand. People with some form of cognitive disability, however, may be reluctant to disclose their disability or to disclose that they do not understand the information being presented. If you suspect that someone may be struggling to understand, ask, "This is very complicated. May I explain this in a different way that may make it easier to understand"? The use of simple, easily understood language will benefit all participants - not only people with disabilities.*

13. On Nov 8, 2010 The plaintiff's divorce/custody case docket stated that he had a disability and needed a reader. Also the disability information was not kept confidential like it states in the Defendant, State Court Administrative Office, Model Policy: Requests For Accommodations by Persons With Disabilities:

> *(5) "Confidentiality" applies to the identity of the applicant in all oral or written communications, including all files and documents submitted be an applicant as part of the application process.*

14. The Fifth Amendment states:
> *No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.*

The plaintiff is entitled to not be deprived of life, liberty or property without the due process of law. By the Defendants restricting access to the courts because of the learning disability it is violating the liberty to have equal access to the courts.

15. When the Plaintiff contacted the Defendant, Michigan Judicial Tenure Commission and spoke to Mr. Fisher to ask for accommodations to file a complaint against the Hon. Judge Gerald D. Lostracco regarding his conduct on the bench during a special hearing the Plaintiff requested about accommodations. The Defendant said that Judicial Tenure Commission does not make accommodations for Learning Disabilities. The accommodation that the Plaintiff was requesting was having the Defendant write/type the Plaintiff's spoken complaint over the phone and then mail the complaint to the Plaintiff to have it notarized by the Township Clerk that he resides in. Since the Defendant denied that request, the Plaintiff asked if he could record his complaint using a video or audio recording device and the Defendant, Michigan Judicial Tenure Commission denied this request as well. The Plaintiff even asked if he would drive down to the Defendant's office in Detroit Michigan if they would make an accommodation for him in person to make the complaint, and once again the Defendant, denied the Plaintiff his request. Once again violating the Plaintiff's right to the freedom of speech and grievance to the Government protected by the First Amendment and violating the American Disabilities Act.

16. The Defendant, Michigan Judicial Tenure Commission kept telling the Plaintiff to ask a family member and/or friend to write out his complaint for him. By asking the Plaintiff to have his family write the complaint out for him, the Defendant violated the Title II Subpart E- Communications §35.160c where it states:
> *(1) A public entity shall not require an individual with a disability to bring another individual to interpret for him or her.*

17. The Defendant, State Court Administrative Office does not enforce any of the ADA Coordinators to have training prior to becoming an ADA Coordinator. Some of the ADA Coordinators do not even know that they are the ADA Coordinator. The Plaintiff contacted the ADA Coordinator Janice Foltz for the Defendant, 35th Judicial Circuit

Court of Shiawassee County and prior to that contact she was unaware of being the ADA Coordinator of the Defendant, 35th Judicial Circuit Court of Shiawassee County. Yet when the Plaintiff went to the Defendant, State Court Administrative Office website, there was a list of all the ADA Coordinators in the state. The State of Michigan trains its ADA Coordinators and yet the Defendant, State Court Administrative Office not only does not train their ADA Coordinators but also does not even train the judges on the Notice and Grievance Procedures that are available to the Plaintiff and other disabled people alike under the Title II Administration Requirements.

18. If there is no training provided to the ADA Coordinators or to the judges by the Defendant, State Court Administrative Office how is a person with a disability like the Plaintiff able to ask for accommodations to have their voice be heard or equal access to the court? In the Defendant, State Court Administrative Office Document SCAO Model Policy: Requests for Accommodations by Persons with Disabilities states under Process that:

> *(2)An applicant or any participant in the proceeding in which an accommodation has been denied or granted may seek review of a determination made by a presiding judge within 10 days of the date of the notice of denial or grant by submitting a request to the chief judge of the court.*

In the Plaintiff's divorce/custody case the presiding judge and chief judge was the same person. The Defendant, State Court Administrative Office does not address this issue in their document SCAO Model Policy: Requests for Accommodations by Persons with Disabilities. The Plaintiff like a lot of people across the state of Michigan lived in a smaller county where there was only one Circuit Court judge. Yet when the Plaintiff asked the Defendant, State Court Administrative Office what to do in this case, the Defendant, State Court Administrative Office recommend the Plaintiff talk to the Defendant, Michigan Judicial Tenure Commission.

19. By the Defendant, State Court Administrative Office not giving the proper training for judges and ADA Coordinators alike to keep them current with the new amendments to the Americans with Disability Act the Defendant, State Court Administrative Office denies the Plaintiff equal protection of the laws under The Fourteenth Amendment which states:

> *1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

20. The Americans with Disability Act, Subchapter II Part A,§12131 it states:
> *The term "public entity" means any State or local government*

It then goes on to define who a qualified individual is in Part A,§12131 (2) and states:
> *The term "qualified individual with a disability" means an individual with a*

> *disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.*

This clearly states the all three of the Defendants are indeed public entities and should provide reasonable modifications and/or accommodation to the Plaintiff.

21. In The Americans with Disability Act, Subchapter II Part A §12132 it states:
> *Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reasons of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.*

The Defendants denied the Plaintiff the benefits of the service they offer to the public and as a result the Plaintiff could not participate in the divorce/custody case to the full extent due to the inability of understanding what was going on due to the accommodations being denied.

22. Title II §35.130 General prohibitions against discrimination states:

> (1) A public entity, in providing any aid, benefit, or service, may not directly or through contractual, licensing, or other arrangements, on the basis of disability-
>
> > (i) Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service;
> >
> > (ii) Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

The Defendants denied the Plaintiff a qualified individual with a disability, the opportunity to participate in the divorce/custody case and the opportunity to participate in other services that were requested.

## FIRST CLAIM OF RELIEF

23. Due to the obstacles and barriers that were posed against the Plaintiff, the plaintiff, Gregory A. Pratt would like his divorce/custody case reopened under a different judge so that the Plaintiff's voice may be heard and he may be given the opportunity to participate and have equal access to the courts as well as a Guardian at Light and/or an attorney that will look out for the plaintiff's son's best interest.

24. As a relief from this court, the Plaintiff would like to propose that the Judges of Michigan receive training at least once a year or every other year. Not just a chief judge

but all judges receive the training in the hopes of other individuals with disabilities in the state of Michigan will not have to go through what the Plaintiff has gone through.

25. Also the Plaintiff is asking that all ADA Coordinators who do not work for the State of Michigan receive the same amount of training that the ADA Coordinators who do work for the State of Michigan receive.

26. The plaintiff is asking that this court rule that the Michigan Judicial Tenure Commission has to follow the rule and regulations of the Americans with Disability Act like other state agency and receive training on how to make accommodations for people with learning disabilities.

27. The plaintiff, Gregory A. Pratt is requesting that this case be heard by a jury in the hopes of helping other individuals with disabilities in the State of Michigan and to help their voices be heard.

28. As a result of losing time with the Plaintiff's son, the emotional and physical stresses that were added by the barriers in place, along with the public humiliation that the plaintiff received from all three of the Defendants, 35th Judicial Circuit Court of Shiawassee County, Michigan Tenure Commission, and State Court Administrative Office, the Plaintiff is asking for $3,000,000.00 in total. The Defendants, 35th Judicial Circuit Court of Shiawassee County, Michigan Tenure Commission, and State Court Administrative Office, each denied the plaintiff, Gregory A. Pratt the rights to freedom of speech, equal protection under the law, as well as the opportunity to participate fully in his divorce/custody case.

WHEREFORE, the plaintiff, Gregory A. Pratt , pray that the Court issue an injunction enjoining the defendant from continuing its discrimination and that the Court award plaintiffs such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted,

GREGORY A. PRATT
426 N. Grace Street
Lansing, MI 48917
PRO SE

Dated: October 12, 2011